UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KHRISOSTOM GUSSAIDI, INDIVIDUALLY, AND ON BEHALF OF, KHETAG GUSSAIDI<br>    Plaintiff | CIVIL ACTION NO.: 3:22-cv-01383 |
| | JUDGE _____ |
| VERSUS | |
| | MAG. JUDGE _____ |
| SINDLE TRUCKING, LLC AND RONNIE WAYNE DAVIS<br>    Defendants | |

_____

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes defendants, RONNIE WAYNE DAVIS ("Mr. Davis") and SINDLE TRUCKING, LLC ("Sindle"), and file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the following grounds:

1.

On May 10, 2022, a Petition for Damages and jury demand was filed on behalf of plaintiff, Khrisostom Gussaidi, individually, and on behalf of, Khetag Gussaidi (hereinafter plaintiff and/or "Mr. Gussaidi"), in the Sixth Judicial District Court for the Parish of Madison styled *Khrisostom Gussaidi, individually, and on behalf of, Khetag Gussaidi v. Sindle Trucking, LLC and Ronnie Wayne Davis,* Docket No. 22-66 B. Plaintiff's suit arises from a November 14, 2021 automobile accident between his deceased son, Khetag Gussaidi, and Mr. Davis, an employee of Sindle.

Attached hereto as Exhibit A is a complete, certified copy of all pleadings currently filed in the suit record in the Sixth Judicial District Court.

2.

Upon information and belief, Mr. Davis has not yet been served with a copy of the Petition and Citation issued by the Sixth Judicial District Court.

3.

Upon information and belief, Sindle has not yet been served with a copy of the Petition and Citation issued by the Sixth Judicial District Court.

4.

Mr. Davis is a citizen of the State of Arkansas, County of Union.

5.

Sindle is an Arkansas limited liability company with its sole member being Caleb Sindle, who resides in and is a citizen of the State of Arkansas, County of Union. As Sindle is an unincorporated corporation, it is considered a citizen of the state(s) in which its member is a citizen for diversity jurisdiction purposes. Thus, the only state of citizenship for Sindle is Arkansas.

6.

Plaintiff, Mr. Gussaidi, and his deceased son, Khetag Gussaidi, are and were citizens of the State of Florida at all relevant times. (Petition, opening paragraph).

7.

The Petition alleges Mr. Gussaidi's son died as a result of the subject accident. (Petition at ¶ 6).

8.

The Petition further alleges that plaintiff's deceased son, Khetag Gussaidi, suffered fear of loss of life, mental pain and suffering, physical pain and suffering, and loss of life as a result of the subject accident. (Petition at ¶ 11).

9.

The Petition further alleges that plaintiff has a wrongful death claim which includes past, present, and future loss of love, companionship, attention, and affection; past, present, and future emotional distress and psychological injury; loss of consortium, company, and society; and transportation, burial, and funeral expenses as a result of his son's death. (Petition at ¶ 11).

10.

Although plaintiff does not specify a specific dollar amount of damages sought, this Court should deem the amount to exceed the jurisdictional requirement of $75,000.00 based upon these allegations. *White v. FCI USA,* 319 F.3d 672, 675 (5th Cir. 2003). See also, *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

11.

Based on the allegations set forth in plaintiff's Petition, defendants respectfully show that the amount in controversy as to plaintiff's claim exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

12.

Defendants further show complete diversity of citizenship exists between plaintiff and defendants. For these reasons, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

13.

Based upon the above, defendants further show this matter is properly removable to this Honorable Court pursuant to 28 U.S.C. § 1441, *et seq.*

14.

Defendants show this Notice of Removal was timely filed pursuant to the provisions of 28 U.S.C. § 1446, as it was filed within thirty (30) days any defendant, through service or otherwise, received a copy of the initial pleading setting forth claim upon which plaintiff's action is based.

15.

Removal to this District and Division is proper under 28 U.S.C. § 1441(a) because this District and Division embrace the Sixth Judicial District Court for the Parish of Madison, State of Louisiana.

16.

Pursuant to 28 U.S.C. § 1446(d), defendants will file a written Notice of Filing Written Notice of Removal in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana, and will attach this Notice of Removal as an exhibit to the Madison Parish filing. Defendants will also provide written notice of this Notice of Removal to plaintiff, through his counsel of record.

17.

Defendants hereby remove this cause of action from the Sixth Judicial District Court for the Parish of Madison, to the United States District Court for the Western District of Louisiana for further disposition, and requests trial by jury of all issues.

Respectfully submitted,

DAVENPORT, FILES & KELLY, L.L.P.
1509 Lamy Lane
P. O. Drawer 4787
Monroe, Louisiana 71211-4787
Telephone: (318) 387-6453
E-mail: wdh@dfklaw.com
E-mail: gmt@dfklaw.com
ATTORNEYS FOR DEFENDANTS, RONNIE WAYNE DAVIS AND SINDLE TRUCKING, LLC

BY  /s/ Grant M. Tolbird
       W. David Hammett, T.A. - #23112
       Grant M. Tolbird - #37337

**CERTIFICATE**

I hereby certify that an exact copy of the above and foregoing has been served upon all counsel of record by placing the same in the United States Mail, postage pre-paid, and/or by e-mail and/or through this Court's ECF system which may send a notice of electronic filing to counsel.

So certified this 24th day of May, 2022.

*/s/ Grant M. Tolbird*
              OF COUNSEL